IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY DOUGLAS PIERCE,

Plaintiff,

vs. Case No. 13-1335-SAC

CAROLYN W. COLVIN,
Acting Commissioner of
Social Security,

Defendant.

MEMORANDUM AND ORDER

This is an action reviewing the final decision of the Commissioner of Social Security denying the plaintiff disability insurance benefits and supplemental security income payments. The matter has been fully briefed by the parties.

**I. General legal standards**

The court's standard of review is set forth in 42 U.S.C. § 405(g), which provides that "the findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards. Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994). Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by

such evidence that a reasonable mind might accept to support the conclusion. The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion. Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989). Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted. Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992). The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met. Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA). The claimant's physical or mental impairment or impairments must be of such severity that

they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. 42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability. If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further. At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity." At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities." At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled. If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled. If the claimant survives step four, the fifth and final step

requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis. Nielson v. Sullivan, 992 F.2d 1118, 1120 (10th Cir. 1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy. Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993). The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC). This RFC assessment is used to evaluate the claim at both step four and step five. 20 C.F.R. §§ 404.1520(a)(4), 404.1520(e,f,g); 416.920(a)(4), 416.920(e,f,g).

**II. History of case**

On January 17, 2013, administrative law judge (ALJ) Melvin B. Werner issued his decision (R. at 401-414).[1] Plaintiff alleges that he had been disabled since November 8, 2007 (R. at 401). Plaintiff meets the insured status requirements for

[1] This is the 2nd decision by ALJ Werner. The 1st decision was reversed and remanded by this court on August 8, 2011 (R. at 484-501).

social security disability benefits through December 31, 2008 (R. at 401). At step one, the ALJ found that plaintiff did not engage in substantial gainful activity since the alleged onset date (R. at 403). At step two, the ALJ found that plaintiff had the following severe impairments: lumbar spine degenerative joint disease, diabetes, arthritis of both knees with probable chondromalachia, obesity, and coronary artery disease. Beginning January 1, 2011, plaintiff had the following additional impairments: status post decompression laminectomy, and multiple transient ischemic attacks (strokes) (R. at 404). At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 404). After determining plaintiff's RFC prior to January 1, 2011 (R. at 405), the ALJ determined at step four that plaintiff is unable to perform past relevant work (R. at 412). At step five, the ALJ found that plaintiff, prior to January 1, 2011, can perform jobs that exist in significant numbers in the national economy (R. at 413-414). The ALJ also made RFC findings for on or after January 1, 2011 (R. at 411). Therefore, the ALJ concluded that plaintiff was not disabled prior to January 1, 2011, but became disabled on that date and remains disabled through the date of the decision (R. at 414).

**III. Did the ALJ err in his consideration of the medical opinion evidence in making his RFC findings?**

The ALJ found that plaintiff, prior to January 1, 2011, was limited to sedentary work, and was limited to lifting or carrying 10 pounds, sitting about 30 minutes at a time for 6 hours in an 8 hour day, standing or walking about 15 minutes at a time for about 2 hours in an 8 hour day with the need to alternate sitting and standing every 30 minutes. Plaintiff could not climb ladders, ropes or scaffolds, but could occasionally climb stairs with occasional grasping and handling (R. at 405-406). It is dangerous for plaintiff to climb when there are heights involved (R. at 411).

Dr. Miller, plaintiff's treating physician, opined on February 27, 2009 that plaintiff could stand/walk for less than 1 hour in an 8 hour day, and could sit for less than 1 hour in an 8 hour day. He could only stand/walk for 15 minutes at a time, and sit for 15 minutes at a time (R. at 377-379). The ALJ accorded minimal weight to his opinions for a number of reasons: (1) plaintiff testified that Dr. Miller was his father-in-law, (2) the assessment by Dr. Miller was made in 2009, approximately 2 ½ years after the end of documented treatment, (3) the opinions of Dr. Miller are extreme in comparison to the opinions of Dr. Hausheer and Dr. Winkler, (4) Dr. Miller is not identified as a specialist in orthopedic or cardiac medicine, and (5) Dr. Miller's treatment notes do not support such extreme

limitations (R. at 409-410). Plaintiff's brief does not dispute these findings by the ALJ.

On December 27, 2007, Dr. Hausheer reviewed the records and prepared a state agency physical RFC assessment. Dr. Hausheer limited plaintiff to lifting 10 pounds, standing or walking for 2 hours in an 8 hour day, and sitting for 6 hours in an 8 hour day (R. at 364-371). The ALJ gave "substantial" weight to his opinions (R. at 410).

On October 16, 2012, Dr. Winkler testified as a medical expert at the hearing (R. at 420-443). Based on her review of the medical records, Dr. Winkler testified that, in her opinion, plaintiff could lift 20 pounds occasionally and 10 pounds frequently. Plaintiff could walk for 4 hours in an 8 hour workday; plaintiff had no limit in his ability to sit. Dr. Winkler indicated that plaintiff was limited in postural maneuvers to occasional, except no ladders, ropes or scaffolds. Plaintiff should avoid unprotected heights, and also concentrated exposure to cold, wetness and humidity (R. at 432). Dr. Winkler also reviewed the opinions of Dr. Miller, and testified that the records do not support Dr. Miller's opinions regarding significant limitations in terms of work activities (R. at 431-432). The ALJ accorded "substantial" weight to Dr. Winkler's testimony based on her expertise, her review of all the medical evidence, and for providing specific reasons for her

opinions. To the extent that Dr. Hausheer's opinions on standing is more limited, the ALJ gave greater weight to his opinion on that issue (R. at 410).

Plaintiff argues that the ALJ erred by giving greater weight to the opinions of Dr. Hausheer and Dr. Winkler, and takes issue with Dr. Winkler's "credibility analysis" (Doc. 12 at 30). Dr. Winkler reviewed the opinions of Dr. Miller, and testified that the records do not support Dr. Miller's opinions regarding significant limitations in terms of work activities (R. at 431-432). The court has carefully reviewed the testimony of Dr. Winkler and does not find anything improper about the nature of her testimony. It was not improper for her to offer her own opinions about other medical opinions or about what she believed the medical records did or did not show.

The court will not reweigh the evidence or substitute its judgment for that of the Commissioner. Hackett v. Barnhart, 395 F.3d 1168, 1173 (10th Cir. 2005); White v. Barnhart, 287 F.3d 903, 905, 908, 909 (10th Cir. 2002). Although the court will not reweigh the evidence, the conclusions reached by the ALJ must be reasonable and consistent with the evidence. See Glenn v. Shalala, 21 F.3d 983, 988 (10th Cir. 1994)(the court must affirm if, considering the evidence as a whole, there is sufficient evidence which a reasonable mind might accept as adequate to support a conclusion). The court can only review

the sufficiency of the evidence. Although the evidence may support a contrary finding, the court cannot displace the agency's choice between two fairly conflicting views, even though the court may have justifiably made a different choice had the matter been before it de novo. Oldham v. Astrue, 509 F.3d 1254, 1257-1258 (10th Cir. 2007).

The ALJ gave specific and legitimate reasons for essentially rejecting the opinions of Dr. Miller. In fact, Dr. Winkler testified that the evidence did not support the limitations opined by Dr. Miller. Furthermore, the ALJ reasonably relied on the opinions of Dr. Hausheer and Dr. Winkler in making his RFC findings. Although the ALJ includes in his RFC findings limitations on sitting and standing at one time, findings which are not included in the opinions of Dr. Hausheer or Dr. Miller, an ALJ does not commit reversible error by tempering medical opinions given substantial weight by the ALJ for the claimant's benefit. The ALJ does not have to provide an explanation for extending the claimant such a benefit. Chapo v. Astrue, 682 F.3d 1285, 1288 (10th Cir. 2012). In summary, the court finds no error by the ALJ in the relative weight he accorded to the medical opinion evidence in making his RFC findings.

**IV. Did the ALJ err in his credibility analysis?**

Credibility determinations are peculiarly the province of the finder of fact, and a court will not upset such determinations when supported by substantial evidence. However, findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings. Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). Furthermore, the ALJ cannot ignore evidence favorable to the plaintiff. Owen v. Chater, 913 F. Supp. 1413, 1420 (D. Kan. 1995).

When analyzing evidence of pain, the court does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the ALJ will be deemed to have satisfied the requirements set forth in Kepler. White v. Barnhart, 287 F.3d 903, 909 (10th Cir. 2002); Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000). Furthermore, the ALJ need not discuss every relevant factor in evaluating pain testimony. Bates v. Barnhart, 222 F. Supp.2d 1252, 1260 (D. Kan. 2002). An ALJ must therefore explain and support with substantial evidence which part(s) of claimant's testimony he did not believe and why. McGoffin v. Barnhart, 288 F.3d 1248, 1254 (10th Cir. 2002). It is error for the ALJ to use standard boilerplate language which fails to set forth the specific evidence the ALJ considered in determining that a claimant's complaints were not

credible. Hardman v. Barnhart, 362 F.3d 676, 679 (10th Cir. 2004). On the other hand, an ALJ's credibility determination which does not rest on mere boilerplate language, but which is linked to specific findings of fact fairly derived from the record, will be affirmed by the court. White, 287 F.3d at 909-910.

The ALJ reviewed the medical evidence regarding plaintiff's subjective complaints, plaintiff's credibility, medical impairments, and medical opinions (R. at 406-412). The ALJ clearly gave greater weight to the opinions of Dr. Hausheer and Dr. Winkler in making his RFC findings. The ALJ found that plaintiff's subjective complaints were exaggerated and inconsistent with the other evidence, including the medical evidence. The ALJ also noted plaintiff's significant financial interest in the outcome of this case (R. at 409). The court finds no clear error in the ALJ's credibility analysis, and the court will not reweigh the evidence. The court finds that the balance of the ALJ's credibility analysis is supported by substantial evidence. Branum v. Barnhart, 385 F.3d 1268, 1274 (10th Cir. 2004)( "While we have some concerns regarding the ALJ's reliance on plaintiff's alleged failure to follow a weight loss program and her performance of certain minimal household chores, we conclude that the balance of the ALJ's credibility analysis is supported by substantial evidence in the record").

**V. Issues raised for 1st time in reply brief**

Plaintiff filed a very lengthy 39 page reply brief raising numerous issues not raised in plaintiff's initial brief (Doc. 20). However, arguments raised for the first time in a reply brief are waived and will not be considered by the court. Water-Pik, Inc. v. Med-Systems, Inc., 726 F.3d 1136, 1159 n.8 (10th Cir. 2013); Lynch v. Barrett, 703 F.3d 1153, 1160 n.2 (10th Cir. 2013). Raising an argument for the first time in a reply brief deprives the other party of an opportunity to respond. Water-Pik, Inc. v. Med-Systems, Inc., 726 F.3d at 1159 n.8.

IT IS THEREFORE ORDERED that the judgment of the Commissioner is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Dated this 23rd day of September 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge